**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

FAMILY DOLLAR STORES OF
WEST VIRGINIA, INC.,
**Defendant Below, Petitioner,**

**FILED**
**February 27, 2018**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 17-0236** (Wyoming County No. 16-C-12)

RACHEL TOLLIVER,
**Plaintiff Below, Respondent.**

### MEMORANDUM DECISION

This is an appeal by the Petitioner, Family Dollar Stores of West Virginia, Inc., through counsel, Richard M. Wallace and J. Todd Bergstrom, from an order of the Circuit Court of Wyoming County that denied its motion to compel arbitration. The Respondent, Rachel Tolliver, by counsel, David G. Thompson, filed a response brief in support of the circuit court's decision. The Petitioner filed a reply brief.

This Court has considered the parties' briefs, the appendix submitted, and the parties' oral arguments. Upon consideration of the standard of review, the Court finds that the circuit court erred in denying the Petitioner's motion to compel arbitration. Accordingly, we reverse and remand this case for entry of an order granting the Petitioner's motion to compel arbitration. Insofar as this case does not present a new or significant issue of law, and for the reasons set forth herein, we find this case satisfies the "limited circumstances" requirements of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is proper for disposition as a memorandum decision.

The Respondent was hired by the Petitioner as a store manager on or about December 9, 2014.[1] It appears that the hiring process was done exclusively over the internet. Part of the terms of Respondent's employment included an agreement to arbitrate disputes between the parties. The Respondent apparently worked at Petitioner's stores in Oceana and Pineville, West Virginia. On January 25, 2015, the store in which the Respondent was working, in Oceana, was robbed by an armed assailant. During the robbery the Respondent

---

[1]The Respondent had previously worked for the Petitioner from 2007 to 2013. The record does not indicate why the Respondent's employment with the Petitioner ended.

1

was forced into a closet by the assailant. As a result of the robbery the Respondent filed a claim for workers' compensation benefits, due to apparent mental health issues that were accompanied by physical symptoms. The Respondent's claim was ruled compensable and she received workers' compensation benefits. On March 22, 2015, the Petitioner terminated the Respondent's employment.[2]

Subsequent to her termination, the Respondent filed a civil action against the Petitioner on February 5, 2016. In the complaint, the Respondent alleged that she was unlawfully terminated because she filed a claim for worker's compensation.[3] The Petitioner filed a motion to dismiss and to compel arbitration.[4] In that motion, the Petitioner noted that the arbitration agreement contained a "delegation provision," which required all disputes involving the application of the arbitration agreement be resolved by an arbitrator. The Respondent did not file a response to the motion. A hearing was held on the motion on December 7, 2016. During the hearing, the Petitioner again raised the issue of the delegation provision.[5] The circuit court entered an order on January 10, 2017, denying the Petitioner's motion to dismiss and compel arbitration. This appeal followed.

We have held that "[a]n order denying a motion to compel arbitration is an interlocutory ruling which is subject to immediate appeal under the collateral order doctrine." Syl. pt. 1, *Credit Acceptance Corp. v. Front*, 231 W. Va. 518, 745 S.E.2d 556 (2013). Further, "[w]hen an appeal from an order denying a motion to dismiss and to compel arbitration is properly before this Court, our review is *de novo*." Syl. pt. 1, *West Virginia CVS Pharmacy, LLC v. McDowell Pharmacy, Inc.*, 238 W. Va. 465, 796 S.E.2d 574 (2017).

The circuit court's order denied the Petitioner's motion after determining that the arbitration agreement was a contract of adhesion, it excluded coverage for a workers' compensation retaliation claim, and on the grounds that the cause of action set out under W.Va. Code § 23-5A-3 (1990) (Repl. Vol. 2017) "supercedes the private arbitration

---

[2]The record does not disclose the reason relied upon by the Petitioner for firing the Respondent.

[3]In addition to the workers' compensation retaliation claim, the complaint appears to have set out liability theories for negligence, intentional infliction of emotional distress, and the tort of outrage.

[4]The Petitioner's motion also argued in the alternative that the complaint be stayed pending arbitration.

[5]The transcript of the hearing reveals that neither the Respondent nor the circuit court addressed the Petitioner's oral arguments on the issue of the delegation provision.

agreement in this [case]."[6] The Petitioner argues that, as a result of the delegation provision contained in the arbitration agreement, the circuit court could not address defenses to the arbitration agreement without first addressing the validity of the delegation provision. Further, the Petitioner contends that under this Court's decision in *Schumacher Homes of Circleville, Inc. v. Spencer*, 237 W. Va. 379, 787 S.E.2d 650 (2016), the case must be reversed because the circuit court's order failed to address the delegation provision and as a result of the Respondent's failure to specifically address the delegation provision before the circuit court and in his brief in this appeal. We agree.

The defendant in *Schumacher* built a home for the plaintiffs. The plaintiffs thereafter filed a civil action in circuit court alleging defects in the construction of the home. The defendant filed a motion to dismiss on the grounds that an arbitration agreement existed between the parties, and that a delegation provision in the agreement required all issues involving the interpretation of the agreement be resolved by an arbitrator. The plaintiffs failed to address the delegation provision at the trial court level. Ultimately, the trial court, without any discussion of the delegation provision, found the arbitration agreement was unconscionable. The defendant appealed and argued that the delegation provision prohibited the trial court from interpreting the application of the arbitration agreement. The plaintiffs did not address the issue of the delegation provision on appeal. This Court affirmed the trial court decision after concluding that the delegation provision did not reflect a clear and unmistakable intent by the parties to have an arbitrator determine the validity, revocability, or enforceability of the arbitration provision. Our decision was vacated by the United States Supreme Court and the case was remanded for us to reconsider the matter based upon the decision in *DIRECTV, Inc. v. Imburgia*, ___ U. S. ___, 136 S. Ct. 463, 193 L. Ed. 2d 365 (2015). On remand, this Court reversed the trial court decision because the plaintiffs failed to challenge, and the trial court failed to consider, the enforceability of the delegation provision. The opinion set out the following general definition of a delegation provision:

> A "delegation provision" is a clause, within an agreement to arbitrate, which clearly and unmistakably provides that the parties to the agreement give to the arbitrator the power to decide the validity, revocability or enforceability of the arbitration agreement under general state contract law.

Syl. pt. 4, *Schumacher*.

---

[6]The statute prohibits terminating an employee who is off work because of a compensable injury, "unless the injured employee has committed a separate dischargeable offense." W. Va. Code § 23-5A-3(a).

The *Schumacher* opinion next set out the following principle of law regarding the application of a delegation provision:

> Under the Federal Arbitration Act, 9 U.S.C. § 2, and the doctrine of severability, where a delegation provision in a written arbitration agreement gives to an arbitrator the authority to determine whether the arbitration agreement is valid, irrevocable or enforceable under general principles of state contract law, a trial court is precluded from deciding a party's challenge to the arbitration agreement. When an arbitration agreement contains a delegation provision, the trial court must first consider a challenge, under general principles of state law applicable to all contracts, that is directed at the validity, revocability or enforceability of the delegation provision itself.

Syl. pt. 5, *Id.* We applied the latter principle of law to the facts of the case as follows:

> Before both the circuit court and this Court, the plaintiffs failed to sever the delegation language and dispute its validity. Unless the plaintiffs challenged the delegation language specifically, we must treat it as valid under the FAA and must enforce it, leaving any challenge to the validity of the arbitration agreement as a whole for the arbitrator. The plaintiffs' arguments addressed the validity of the arbitration agreement as a whole, but failed to even mention the delegation language in their arguments to the circuit court and this Court. On these procedural facts, we find that the delegation language within the parties' arbitration agreement is enforceable, and that the circuit court should have referred the plaintiffs' arguments about the enforceability of the arbitration agreement to an arbitrator.

*Id.* at 392, 787 S.E.2d at 663. The dispositive procedural facts of *Schumacher* are the same in this case.

The arbitration agreement in the instant case used the following language to create a delegation provision: "Further, covered Disputes include any claim or controversy regarding the Agreement or any portion of the Agreement or its interpretation, enforceability, applicability, unconscionability, arbitrability or formation, or whether the Agreement or any portion of the Agreement is void or voidable[.]" Insofar as the Respondent failed to attack the delegation provision at the trial court level and in his brief in this Court, "'we must treat it as valid [under the FAA] . . . and must enforce it . . . leaving any challenge to the validity of the [Arbitration] Agreement as a whole for the arbitrator.'" *Schumacher*, 237 W. Va. at 390, 787 S.E.2d at 661 (quoting *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 72, 130 S. Ct. 2772, 2779, 177 L. Ed. 2d 403 (2010)). Consequently, the circuit court had no authority to determine whether the arbitration agreement was a contract of adhesion, contained an

4

applicable exclusion, or was superceded by statute, because those are disputed matters that the delegation provision required an arbitrator to resolve.[7] *See IQ Prod. Co. v. WD-40 Co.*, 871 F.3d 344, 350 (5th Cir. 2017) ("So long as there is a 'plausible' argument that the arbitration agreement requires the merits of the claim to be arbitrated, a delegation clause is effective to divest the court of its ordinary power to decide arbitrability." (internal quotations and citation omitted)); *Van Buren v. Pro Se Planning, Inc.*, No. 14-2099, 2014 WL 6485653, at *5 (E.D. La. Nov. 18, 2014) (["[T]he Plaintiff's failure to articulate a specific challenge to the delegation clause requires the Court to abstain from deciding the merits of any dispute concerning enforceability of the arbitration agreement or the underlying contract and refer the matter to arbitration.").

We reverse the circuit court's January 10, 2017, order and remand for the entry of an order dismissing this case and compelling arbitration.

Reversed and Remanded.

ISSUED: February 27, 2018

CONCURRED IN BY:
Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

---

[7]The Petitioner's brief also challenged the merits of the circuit court's findings; but, for the reasons stated, we need not address those issues. *See Atkinson v. Harpeth Fin. Servs., LLC*, No. 3:17-cv-504, 2017 WL 2223837, at *7 (M.D. Tenn. May 22, 2017) ("Accordingly, because Ms. Atkinson has failed to challenge the delegation provision specifically, the defendants' argument that the delegation provision is enforceable remains uncontested, and the court cannot reach the merits of her duress and unconscionability arguments.").